# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5292 | **DATE** | 10/3/2003 |
| **CASE TITLE** | WEITER vs. NATIONAL MARINE, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss [19-1] is denied. Defendants shall answer the complaint by October 14, 2003. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 6 2003 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | date docketed | 11 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 03 OCT -3 PM 12:41 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 7-03 | 10/3/2003 date mailed notice | |
| CB courtroom deputy's initials | | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW and TAMMY WEITER, ) | |
| ) | |
| Plaintiff, ) | No. 03 C 5292    **DOCKETED** |
| ) | |
| v. ) | Suzanne B. Conlon, Judge **OCT 0 6 2003** |
| ) | |
| NATIONAL MARINE, INC. and BILL J. ) | |
| HIONAS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Andrew and Tammy Weiter ("the Weiters") originally filed this action against National Marine, Inc. ("National Marine") and Bill J. Hionas ("Hionas") (collectively, "defendants") in the Circuit Court of Cook County, Illinois for recission and damages relating to their purchase of a 1996 Team Baja boat from defendants. Defendants removed the action to this court based on diversity jurisdiction. Defendants move to dismiss the complaint based on lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

## BACKGROUND

Defendants' motion to dismiss for lack of personal jurisdiction must be considered first. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)("Without jurisdiction the court cannot proceed at all in any cause"). *See also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)(a district court may consider personal jurisdiction first). In deciding a motion to dismiss for lack of personal jurisdiction, the court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit or deposition. *Turnock v. Cope*, 816 F.2d 332, 333

1

(7th Cir. 1987); *John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 402 (7th Cir. 1987). Any conflict presented by affidavit or deposition must be resolved in the Weiters' favor. *Id.* However, any unrefuted facts offered by defendants will be accepted as true. *Facilitec Corp. v. Grease Stopper, Inc.*, No. 01 C 2971, 2002 WL 226758, at *2 (N.D. Ill. Feb. 13, 2002).

National Marine is an Ohio corporation with its principal place of business in Warren, Ohio. Notice of Removal at ¶ 6. National Marine sells new and used performance boats nationwide. Compl. at ¶ 1. Hionas, a citizen of Ohio, owns National Marine. *Id.* at ¶ 4; Notice of Removal at ¶ 7. National Marine does not have any offices, employees, agents or places of business in Illinois. Hionas Aff. at ¶ 4.

In October 2002, National Marine advertised a 1996 Team Baja boat for sale on its website. Compl. at ¶ 5. The Weiters contacted National Marine and discussed the purchase of the boat with Hionas by telephone on several occasions. *Id.* at ¶ 7-9; Hionas Aff. at ¶ 6. Thereafter, National Marine sent a sales representative to the Weiters' home in Chicago with a purchase agreement, installment contract and security agreement. Weiters Aff. at ¶ 5. The parties revised the agreements in Chicago. *Id.* A few days later, the sales representative returned to Chicago with the revised agreements, which the Weiters signed. *Id.* at ¶ 6; Compl. at ¶ 10. At some point, Hionas signed the revised agreements on behalf of National Marine in Ohio. Hionas Aff. at ¶¶ 7-8.

On October 21, 2001, the Weiters inspected the boat in Ohio for the first time. Compl. at ¶ 14. Over the next few days, the Weiters informed defendants of their dissatisfaction with the boat via telephone and letter. *Id.* at ¶¶ 16-17. Defendants responded by returning the Weiters' letter with a note, "I Bill Hionas along with National Marine, Inc. agree to take care of all of these concerns

100% by March 30, 2002." *Id.* at ¶ 18. In November 2001, defendants picked up the Weiters' boat in Winthrop Harbor, Illinois as a trade-in. Weiters Aff. at ¶ 10.

In December 2001 or January 2002, Hionas invited the Weiters to the Chicago Boat Show held at McCormick Place. *Id.* at ¶ 7. At the boat show, National Marine had a booth advertising their business. *Id.* at ¶ 8. Hionas told the Weiters that the repairs on the purchased boat were coming along very well and that he anticipated delivering the boat by March 2002. *Id.*

In April 2002, National Marine delivered the boat to the Weiters in Winthrop Harbor, Illinois. *Id.* at ¶ 11. In late April or early May, 2002, defendants shipped parts for the boat to the Weiters in Illinois. *Id.* at ¶ 12. On May 11, 2002, defendants sent a National Marine employee to repair the boat in Winthrop Harbor, Illinois. *Id.* at ¶ 13. According to the Weiters, the boat was never repaired to their satisfaction. *See, e.g.,* Compl. at ¶ 23.

## DISCUSSION

### I. Personal Jurisdiction

Defendants claim the court lacks personal jurisdiction over them. In a diversity case, a federal district court sitting in Illinois may assert personal jurisdiction over a non-resident defendant if an Illinois state court would have jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). Illinois authorizes personal jurisdiction on any basis permitted by the Illinois Constitution and the United States Constitution. *Id.* The Illinois Supreme Court has noted that federal law may be used as guidance for construction of the Illinois due process clause. *Lewis v. Spagnolo*, 186 Ill.2d 198, 227, 710 N.E.2d 798, 812 (1999). Absent any authority supporting a broader construction, the Illinois due process clause may be interpreted the same as the federal due

3

process clause. *Id.* Consequently, the court confines its jurisdictional analysis to whether federal due process permits jurisdiction over defendants.

Federal due process requires defendants to have "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). In Illinois, defendants may be subject to either general or specific jurisdiction. *RAR*, 107 F.3d at 1275. The Weiters claim defendants are subject to both general and specific jurisdiction.

The court need not decide whether general jurisdiction is proper, because the court may assert specific jurisdiction over defendants in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Defendants need not be physically present in Illinois to have sufficient minimum contacts with Illinois. *Hanson v. Denckla*, 357 U.S. 235, 251-53 (1958). Rather, the crucial inquiry is whether their conduct was such that they should have reasonably anticipated being hailed into court here. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Based on their conduct, defendants should have reasonably anticipated being hailed into an Illinois court. *See Id.* at 478 ("prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant). Defendants negotiated the underlying contract with the Weiters, who were in Illinois, on the telephone. Thereafter, National Marine sent a sales representative to Illinois where negotiations continued. The Weiters revised the agreements, signed the agreements, delivered their trade-in boat to defendants and accepted delivery of the purchased boat in Illinois. Moreover, Hionas reached out to the Weiters

4

during the Chicago Boat Show to discuss progress of the repairs, as well as delivery of their boat. Thereafter, National Marine sent an employee to Illinois to complete repairs on the Weiters' boat. Under these circumstances, specific jurisdiction over defendants is proper.

Defendants have not offered any reason why jurisdiction in Illinois would be unreasonable. *See Burger King*, 471 U.S. at 477 ("where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable"). Defendants do not offer any evidence demonstrating why it would be unfair, inconvenient or burdensome to litigate in Illinois. Absent a compelling countervailing reason, assertion of specific jurisdiction over defendants comports with federal due process.

## II. Venue

Defendants assert that venue is improper in Illinois. Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Venue under § 1391(a)(2) "may be satisfied by a communication to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action." *Pasulka v. Sykes*, 131 F.Supp.2d 988, 994 (N.D. Ill. 2001), *quoting Celozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568, at *6 (N.D. Ill. Aug. 11, 2000). The Weiters' entire complaint is premised on alleged misrepresentations made by Hionas on behalf of

5

National Marine during several communications to and/or from this district. Under these circumstances, venue in this district is proper.

## CONCLUSION

Defendants' motion to dismiss for lack of personal jurisdiction and/or improper venue must be denied.

October 3, 2003                                        ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge